LIU, J., Concurring.
The court’s opinion today holds that neither the Fifth Amendment nor the Sixth Amendment requires trial courts, as a general rule, to impose protective measures when the prosecution seeks to have the defendant examined by the prosecution’s proposed expert to rebut a defendant’s asserted mental health defense. I agree that such protections are not required in this case.
*1143 However, the court’s opinion leaves the window open for trial courts to impose protections as necessary to avoid misuse of such examinations in a particular case. (Maj. opn., ante, at p. 1141, fn. 21.)
In this case, the trial court found no need for protections beyond the general prohibition that the prosecution may not make direct or derivative use of the fruits of the examination. Here, the prosecution already has access to police interviews in which defendant recounted his version of the crime, and defendant does not raise particular concerns about the nature of the tests or the practices of the expert that would suggest an ulterior motive by the prosecutor. Nor is there any specific indication that defendant is unable to avoid making prejudicial or incriminating statements unrelated to his mental health defense. In sum, defendant’s rights appear to be adequately protected by the general rule prohibiting the prosecution from making direct or derivative use of the examination except as necessary to rebut any mental health defense.
But this may not always be so. There may be cases in which the defendant has refused to make any statements to law enforcement, and thus the proposed mental examination might appear to serve as a surrogate for police interrogation. In other cases, the practices of the expert or the nature of the tests might suggest that the examination is more akin to an investigatory device than a procedure to allow the prosecution fair opportunity to rebut an anticipated mental health defense. Or a defendant’s attorney may show that the defendant simply cannot stop talking and will infuse the examination with such prejudicial and inculpatory information that it is impossible to unring the bell. By implication, our rule prohibiting direct and derivative use except as necessary to rebut defendant’s mental health defense is premised on the possibility that the examination may yield information useful to the prosecution beyond that limited purpose. And it is impossible for us today to anticipate the extent to which a particular examination might color, however innocently or subtly, the way a prosecutor frames the case, selects witnesses, or presents the evidence.
Under our direct and derivative use doctrine, the prosecutor bears the burden to establish that evidence presented outside of rebuttal was derived from an independent source and not the compelled examination. (Maj. opn., ante, at p. 1138.) When coupled with pretrial motions in limine to prevent obvious misuse, this basic rule will often suffice. In other cases, however, enforcing the bar against direct or derivative use at trial might be an inadequate or inefficient remedy. The trial court retains broad discretion, consistent with our opinion today, to decide whether and to what extent *1144 protective measures may be warranted in a particular case to ensure that any use of the examination by the prosecution is limited to rebuttal of a mental health defense.
Werdegar, J., concurred.